In re: SKI TRAIN FIRE,

Rudolf Kern, on behalf of the Estate of Erich Kern, Angela Kern, on behalf of the estate of Erich Kern, LTC S. Habblett, on behalf of the Estate of Jennifer Kirkpatrick Habblett Goodridge, Michael Jonclair Goodridge and Kyle William Goodridge, Suzanne K. Habblett, on behalf of the Estates of Jennifer Kirkpatrick Habblett Goodridge, Michael Jonclair Goodridge and Kyle William Goodridge, Dick Baker, Dr., on behalf of the Estate of Carrie Lynn Baker, Carol Baker, on behalf of the estate of Carrie Lynn Baker, Claire Goodridge, individually as surviving father and as personal representative of the estate of Maj. Michael Clair Goodridge, deceased and individually as surviving grandfather and as personal representative of the estates of Michael Jonclair Goodridge, deceased and Kyle William Goodridge, deceased for himself and on behalf of decedents' estates, the distributees thereof and on behalf of decedents' surviving next of kin, including Julianne V. Goodridge, the surviving mother of Maj. Michael Clair Goodridge and surviving grandmother of Michael Jonclair Goodridge and Kyle William Goodridge, Plaintiffs–Appellees,

v.

Gletscherbahnen Kaprun Aktiengesellschaft, Defendant–Appellant,

Leitner Lifts USA Inc., Leitner S.P.A., Osterreichische Elektrizitatswirtschafts AG, Waagner Biro AG, Swoboda Karoserie AG, Bauberdarfszentrum Stadlbauer AG, ABC Corporations 1–10, John Does, 1–10, Swoboda Karosserie-Und, Siemens AG Oesterreich, Verbund–Austrian Hydro Power AG, Successor in interest to Tauernkraftwerke AG, Tauren Touristik, GMBH, Thyssen Schachtbau, GMBH, Thys-

senkrupp AG, Intersport Austria GMBH, Intersport International Corp., Intersport Marketing USA, Defendants.

Docket No. 02–7391.

United States Court of Appeals, Second Circuit.

May 29, 2003.

Elliot Silverman, McDermott, Will & Emory, New York, NY, for Appellant, (Robert A. Weiner, of counsel).

Robert A. Swift, Kohn Swift & Graf, PC, Philadelphia, PA; Edward Fagan, Fagan & Associates, Livingston, NJ; Jay Rice and Randee Matloff, Nagel, Rice, Dreifuss & Mazie, LLP, Livingston, NJ; Kenneth P. Nolan, Speiser Krause Nolan & Granito, New York, NY, for Appellee, (Hilary Cohen, of counsel).

Charles G. Moerdler, Bruce H. Schneider, and Deborah Goldstein, Stroock & Strook & Lavan, New York, NY, for Verbund–Austrian Hydro Power AG and Tauern Touristik GMBH.

Present: OAKES, McLAUGHLIN and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Defendant Gletscherbahnen Kaprun Aktiengesellschaft ("GBK") has filed an interlocutory appeal from an order of the District Court dated March 19, 2002, denying GBK's motion to dismiss under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330(a), 1602–1611.

In the District Court, GBK argued that it is entitled to sovereign immunity because it is an "agency or instrumentality" of the Austrian government under the FSIA.[1] GBK is 45% owned by the corpora-

---

1. Under the FSIA, "an agency or instrumentality of a foreign state" is immune from the "jurisdiction of the courts of the United States and of the States." 28 U.S.C. §§ 1603(a), 1604.

An " 'agency or instrumentality of a foreign state' means any entity ... which," in relevant part, "is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof." 28 U.S.C. § 1603(b).

A "foreign state," as defined by the FSIA, "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state or an agency or instrumentality

tion Oesterreichische Elekrizitaetswirschafts AG ("OE AG"), which, in turn, is 51% owned by the Republic of Austria. An additional 33.98% of the shares of GBK are owned by the Village of Kaprun, Austria, which GBK argues is a "political subdivision" of Austria. Accordingly, GBK asserts that OE AG's 45% share should be pooled with the Village of Kaprun's 33.98% share, such that GBK is considered to be 77.98% (majority) owned by the Republic of Austria.

The District Court held that GBK is not entitled to sovereign immunity because the Republic of Austria's indirect interest in GBK through its 51% ownership of OE AG was insufficient to render GBK an "instrumentality" of Austria under the FSIA. *In re Ski Train*, 198 F.Supp.2d 420, 426–27 (S.D.N.Y.2002). The District Court noted a split in authority between the Ninth Circuit, on the one hand, and the Fifth and Seventh Circuits, on the other, regarding whether a corporation that is the "second-tier subsidiary" of a foreign state may be considered an "instrumentality" of that state under the FSIA. *Id.* at 424–25. Noting that the Second Circuit has not yet ruled on the issue, the District Court found the reasoning of the Ninth Circuit, which does not recognize "tiering," to be persuasive and denied GBK's motion to dismiss. *Id.* at 424–27.

During the pendency of GBK's appeal, the Supreme Court rendered its opinion in *Dole Food Co. v. Patrickson*, —— U.S. ——, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003), which has resolved any ambiguity or conflict regarding the treatment under the FSIA of corporate subsidiaries indi-

rectly owned by a foreign state. The Supreme Court stated in *Dole Food* that "Congress had corporate formalities in mind" when it drafted the FSIA, *id.* at 1660, and the Court unequivocally held that "[a] corporation is an instrumentality of a foreign state under the FSIA *only if the foreign state itself* owns a majority of the corporation's shares," *id.* at 1662 (emphasis added).

In this case, there is no dispute that Austria does not *itself* own a majority of the shares of GBK, and it is thus clear that the opinion and order of the District Court should be affirmed because GBK is not an "agency or instrumentality" of the state of Austria entitled to sovereign immunity under the FSIA. In submissions to this Court in the wake of the *Dole Food* decision, the parties have not agreed to dismiss this appeal, but they have conceded that *Dole Food* is entirely dispositive of the issues currently before us.

Accordingly, the judgment of the District Court is hereby **AFFIRMED.** We remand the cause to the District Court for further proceedings as may be required in the circumstances.[2]

---

of a foreign state as defined [above]." 28 U.S.C. § 1603(a).

**2.** With jurisdiction returning to the District Court, GBK's motion filed April 11, 2003,

seeking a limited mandate from this Court to allow the District Court to adjudicate personal jurisdiction issues, is dismissed as moot.